## In re HARRELL.

(District Court, E. D. Texas, Tyler Division. October 14, 1925.)

No. 2517.

**1. Bankruptcy ⬥302(3)—Answers to bankruptcy trustee's motion to require third persons to deliver to him assets of bankrupt should have been filed with referee, and not with clerk of court.**

Where bankruptcy trustee filed motion with referee to require third persons to deliver to him assets of bankrupt, *held*, that answers of

12 F.(2d)—51

such third persons should have been filed with referee, and not with clerk of court.

**2. Bankruptcy ⬥288(1)—Referee in bankruptcy had authority to summarily require transferees of stock in bankrupt's name on books of corporation, when petition was filed to deliver stock to trustee.**

Corporate stock in bankrupt's name on books of corporation when involuntary petition was filed came into custody of court, and bankrupt's attempted transfer thereof was futile, and referee had authority to summarily require transferees to deliver stock to trustee, any equities in favor of transferees to be determined by referee in usual way.

**3. Bankruptcy ⬥302(2)—Sworn answers of transferees of stock, denying allegations of bankruptcy trustee seeking its recovery, held not to be taken as confessed.**

Sworn answers of transferees of bankrupt's stock, denying allegations of bankruptcy trustee seeking return of stock transferred on books of corporation after bankruptcy petition was filed, *held* not to be taken as confessed, where such subsequent transfer was undeniable, court not being governed by technical rules of pleading in equity causes.

In Bankruptcy. In the matter of C. H. Harrell, bankrupt. On petition of S. M. Adams and another to review an order of the referee requiring petitioners to deliver certain property to trustee, and enjoining them from disposing thereof. Order affirmed.

S. M. Adams, of Nacogdoches, Tex., and Tom F. Coleman, of Lufkin, Tex., for bankrupt.

Collins & Collins and Mantooth & Denman, all of Lufkin, Tex., and J. H. Synnott, of Dallas, Tex., for creditors filing involuntary petition.

ESTES, District Judge. As I understand the facts, on December 13, 1924, an involuntary petition in bankruptcy was filed against C. H. Harrell, of Lufkin, Tex. On December 24 an answer was filed, denying the allegations of the petition, but such answer was subsequently withdrawn, and an adjudication by consent was had on January 24 thereafter.

At the time the petition was filed there stood on the books of the Martin Wagon Company, in the name of the bankrupt, two certificates of stock in that concern, one for 16 shares and the other for 36 shares, of the par value of $100 each. These certificates were transferable only on the books of the corporation in person, or by attorney, on surrender of the certificate. On March 24, 1925, Mr. S. M. Adams presented both of said certificates to the secretary of the company, and caused the originals to be canceled and new

certificates issued to him. On the same day he delivered one-half, or 26 shares, of the stock to Mr. Tom F. Coleman. Both Mr. Adams and Mr. Coleman are attorneys practicing in this court, and are representing the bankrupt in this proceeding.

On July 20 the trustee, who had been elected at the first meeting of the creditors in February, 1925, filed with the referee a motion to require these attorneys to deliver to him, as assets of the bankrupt estate, the certificates of stock acquired by them in the manner above indicated. The point was that such stock constituted a part of the bankrupt' estate at the time the bankruptcy proceedings were begun, and therefore should be in his possession. The motion was heard at a subsequent date.

[1] At the hearing an answer was filed with the referee by Mr. Adams, but none was filed by Mr. Coleman. He filed an answer with the clerk of this court. I think his answer should have been filed with the referee. But, despite this irregularity, it was considered by the referee when determining the issue. The said answers, as I construe them, do not deny the material allegations in the motion. They challenge the jurisdiction of the referee to grant the order requested, and plead good faith in connection with the transaction. Both Adams and Coleman denied possession of the stock at that time; Adams alleging that his certificate had been hypothecated, and Coleman that his had been sold. No evidence was introduced in support of these claims, and the referee found that the bankrupt, on the date the petition was filed, was in possession of the certificates in question, and they were properly to be considered as part of the assets of the estate. He issued an order enjoining the defendants from disposing of the stock, and directing them to deliver it to the trustee.

A petition for review has been filed, and the questions certified are: First, whether the referee had jurisdiction to hear and determine the matters alleged in the motion; and, second, whether the defendants having filed sworn answers denying the allegations of the trustee, the court should have rendered judgment for them by taking the answers as confessed.

[2] I have carefully reviewed the briefs and the findings of the referee, and have reached the conclusion that the judgment rendered by him on the propositions is correct. The case is not one involving a claim of title by the trustee to property adversely held by third parties, and the provisions of law relating to the separate trial of such questions do not, in my opinion, apply. The facts palpably are that the transfer of this stock was not made until after the petition had been filed. At the time of the transfer, the stock was in custodia legis, and it was the duty of the trustee to reduce to his possession all of the property so situated. It would manifestly make the bankruptcy proceeding a futile thing if a bankrupt, subsequent to the institution of the proceedings against him, could transfer or convey to third parties assets of which he no longer had rightful control. I think the decisions clearly establish that it is within the authority of the referee to require, by summary methods, the return of property thus removed. If there are any equities in favor of these respondents, or if the facts are such as would, upon a hearing, give them title and possession of the stock, their claim could be presented in the usual way to the referee, and be determined by him.

[3] The point made that the answer should be taken as confessed is also, in my opinion, not well taken. The equity rule on that subject, as modified, has no bearing upon a situation like this. In the first place, the answers did not deny the material facts. They were undeniable; that is, that this transfer did not occur on the books of the company until after the petition had been filed. The court here was not to be governed by technical rules of pleading in equity causes. "There are no stated rules or forms applicable."

My idea is that the referee had jurisdiction to determine the merit of the motion, and that the court should not, under the conditions, have taken the answers as confessed. It is so ordered.